UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HAROLE LYNN WINSLOW,

     Applicant,

v.                                CASE NO. 8:25-cv-1590-SDM-TGW

SHERIFF RICK WELLS,

     Respondent.

_____/

**<u>ORDER</u>**

     Winslow applies under 28 U.S.C. § 2254 for the writ of habeas corpus (Doc. 1), but he neither paid the $5.00 filing fee nor requested leave to proceed i*n forma pauperis*. Local Rules 6.03 and 6.04 direct that the action is subject to dismissal if the fee is not paid or if a motion for leave to proceed *in forma pauperis* is not filed. However, Winslow cannot proceed with this action under Section 2254.

     Rule 4, Rules Governing Section 2254 Cases, requires both a preliminary review of the application for the writ of habeas corpus and a summary dismissal "[i]f it plainly appears from the face of the [application] and any exhibits annexed to it that the [applicant] is not entitled to relief in the district court . . . ."

     Winslow represents both that on June 5, 2025, he pleaded guilty to five counts of failing to register an internet name, for which was sentenced to twelve months, and that

he intends to appeal. Consequently, the conviction is not yet final and, accordingly the present application is premature.[*]

The application for the writ of habeas corpus (Doc. 1) is **DISMISSED AS PREMATURE**. The clerk must **CLOSE** this case.


### DENIAL OF BOTH A
### CERTIFICATE OF APPEALABILITY
### AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Winslow is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no entitlement to appeal a district court's denial of his application. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, Winslow must show that reasonable jurists would find debatable both the merits of the underlying claims and the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the application is clearly premature, Winslow is entitled to neither a COA nor leave to appeal *in forma pauperis*.

---

[*] The district court judicially notices the online docket for the Circuit Court for Manatee County, Florida, which docket is accessible by searching Winslow's name at https://records.manatee clerk.com/CourtRecords/Search/Person. The docket confirms that the conviction is not final because he still has time to appeal.

A certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Winslow must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on June 27, 2025.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE